**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2896-20

JEFFREY SMITH,

     Plaintiff-Appellant,

v.

SUSSEX COUNTY
PROSECUTOR'S OFFICE,
SUSSEX COUNTY
PROSECUTOR FRANCIS
KOCH, FIRST ASSISTANT
PROSECUTOR GREGORY
MUELLER and CAPTAIN
DONALD PETER (RET.),

     Defendants-Respondents.

_____

Argued June 8, 2022 – Decided July 19, 2022

Before Judges Gilson and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0430-20.

George T. Daggett argued the cause for appellant.

Justine M. Longa, Deputy Attorney General, argued the cause for respondents (Matthew J. Platkin, Acting

Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Brett J. Haroldson, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Jeffrey Smith, a law enforcement officer, appeals from a March 5, 2021 Law Division order dismissing his complaint with prejudice, and an April 16, 2021 order denying reconsideration. The complaint revolved around the disclosure of plaintiff's designation as a "Giglio" officer. In Giglio v. United States, 405 U.S. 150 (1972), the Court held that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,'" the prosecution must disclose evidence affecting the credibility of the State's witness for impeachment purposes. Id. at 154 (quoting Napue v. Illinois, 360 U.S. 264, 269 (1959)). We affirm the dismissal of the complaint but remand for the entry of a modified order dismissing the complaint without prejudice.

Because this appeal comes to us on a Rule 4:6-2(e) motion to dismiss, we accept the facts alleged in the complaint as true, granting plaintiff "'every reasonable inference of fact.'" Green v. Morgan Props., 215 N.J. 431, 452 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Thus, we begin with a summary of the facts pled in plaintiff's complaint.

A-2896-20

On October 19, 2020, plaintiff filed a complaint against the Sussex County Prosecutor, the Sussex County Prosecutor's Office (SCPO), and certain members of the SCPO, alleging defendants had assisted members of the Franklin Borough Police Department (FBPD) in "their illegal conspiracy to remove . . . [p]laintiff from his employment with the [FBPD]."[1] Although plaintiff, a then seventeen-year veteran with the FBPD, had been suspended in 2019, the complaint was unclear regarding whether plaintiff had actually been terminated. Nonetheless, the complaint alleged that "[o]n or about January 15, 2020," defendant Gregory Mueller, SCPO's First Assistant Prosecutor, "sent a letter" to "co-conspirator, Gregory Cugliari," then FBPD's Police Chief, notifying the FBPD that "the [SCPO] had made a Giglio determination" regarding plaintiff and another officer based on credibility concerns involving the officers. The complaint further stated that to aid the alleged conspiracy, "[s]hortly after forwarding the letter to Cugliari, both Mueller and Cugliari agreed to release the letter to the press" through "a feigned [Open Public Records Act] request."

According to the complaint, by sharing information regarding the Giglio determination with the press, defendants violated Attorney General Law

---

[1] Plaintiff also filed a complaint against the FBPD and its members. That complaint is not a part of this record and is not the subject of this appeal.

A-2896-20

Enforcement Directive No. 2019-6 (the Giglio Directive), which established procedures for making and disclosing Giglio determinations.[2] Specifically, the complaint alleged that by disclosing the information to the press, Mueller had violated the Giglio Directive's limitations on disclosure because, under the Directive, the only three possible outcomes for potential Giglio material were "no disclosure," "disclosure . . . to the defense," or "disclosure . . . to the [c]ourt for . . . judicial review." Moreover, the complaint alleged Mueller's actions also violated the Giglio Directive's confidentiality provisions.

Further, according to the complaint, Mueller violated the Giglio Directive's requirement that "[t]he investigated employee . . . be notified so that he would have 'an opportunity to verify the accuracy of the . . . Giglio material'" and "'proactively participate in the . . . Giglio gathering phase.'" In that regard, the complaint alleged, "Mueller attempted to undo the damage" caused by the unlawful disclosure by "issu[ing] an email to . . . Cugliari in which he stated . . . [p]laintiff would have the opportunity, if he was reinstated, to contest the Giglio determination."

---

[2] Additionally, the complaint alleged defendants had violated plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d-1 to d-9, but plaintiff abandoned that claim at oral argument on the motion for reconsideration and has not advanced that claim on appeal.

A-2896-20

Additionally, the complaint alleged that Mueller violated the <u>Giglio</u> Directive by making the <u>Giglio</u> determination "without having conducted a proper investigation." To that point, plaintiff asserted Mueller had designated plaintiff as a <u>Giglio</u> officer despite knowing "that Cugliari had violated the Attorney General's Directive in connection with random drug testing." In a "[m]ediation [s]tatement" attached to the complaint, plaintiff alleged Cugliari improperly targeted him for a "random" drug test knowing that an investigation would ensue because he had undergone steroid treatment "for many years" for a medical condition. Moreover, according to the complaint, "Mueller deliberately ignored" his co-conspirators' conflict of interest, in contravention of "the Attorney General's Directives in connection with [i]nternal [a]ffairs investigations[,]" as plaintiff's removal from the FBPD and elimination from consideration for the position of FBPD Chief of Police "facilitate[d] and actually did accomplish the promotion of Cugliari to Chief."

Defendants subsequently filed a <u>Rule</u> 4:6-2(e) motion to dismiss the complaint for "failure to state a claim upon which relief can be granted." In an order entered on March 5, 2021, the trial judge granted the motion and dismissed the complaint "with prejudice." In an accompanying written statement of reasons, after delineating the governing principles, the judge underscored the

following provision in the Giglio Directive, entitled "Non-enforceability by third parties":

> This Directive is issued pursuant to the Attorney General's authority to ensure the uniform and efficient enforcement of the laws and administration of criminal justice throughout the State. . . . Nothing in this Directive shall be construed in any way to create any substantive right that may be enforced by any third party.

Relying on the provision, the judge concluded the Giglio Directive did not "create a private right of action" for third parties, and he saw no legal basis for inferring such a right. Thus, the judge determined, "[a]s such, accepting all facts in the complaint as true, and providing [p]laintiff with all reasonable inferences drawn therefrom, [p]laintiff fail[ed] to establish the existence of a legal basis or cause of action for [d]efendants' alleged violations of the [Giglio] Directive." Further, the judge acknowledged that "ordinarily the [c]ourt would dismiss [p]laintiff's complaint without prejudice and allow [p]laintiff an opportunity to refile." However, "in this instance," the judge "dismisse[d p]laintiff's complaint with prejudice, because under existing law no modification or supplementation of the factual allegations would create a private cause of action for [p]laintiff against . . . [d]efendants for alleged violations of the Directive."

A-2896-20

Plaintiff subsequently moved for reconsideration, which the judge denied in an order entered on April 16, 2021. In an accompanying written statement of reasons, the judge observed that plaintiff failed to meet the standard for reconsideration under Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), in that plaintiff "fail[ed] to cite any facts that th[e c]ourt failed to consider" and failed to cite any authority to "suggest[] that th[e c]ourt's March 5, 2021 [o]rder was palpably incorrect." Instead, the judge determined that the cases plaintiff had cited in support of a private cause of action under the Giglio Directive were "easily distinguishable," not "controlling authority," and did "not mandate a different result."

In this ensuing appeal, plaintiff argues the judge erred in dismissing his complaint because he "d[id] not sue to enforce the [Giglio] Directive." Rather, "[h]e sue[d] because the Directive was used by the Prosecutor to assist the conspiracy in the [FBPD]" and "interfere with [his] employment." Plaintiff asserts that while he "may not be permitted to enforce the Directive, he clearly can sue for misconduct, the facts of which flow from violations of the Directive."

Rule 4:6-2(e) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." In interpreting the Rule in Printing Mart, our Supreme Court explained that "the test for determining the

adequacy of a pleading . . . [is] whether a cause of action is 'suggested' by the facts." 116 N.J. at 746 (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). The Court directed judges to "'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim" and grant "opportunity . . . to amend if necessary.'" Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.1 on R. 4:6-2(e) (2022) ("[A] complaint should not be dismissed under this rule where a cause of action is suggested by the facts and a theory of actionability may be articulated by amendment of the complaint.").

The Court also emphasized that motions to dismiss under Rule 4:6-2(e) "should be granted in only the rarest of instances" and generally without prejudice. Printing Mart, 116 N.J. at 772; see also Smith v. SBC Commc'ns Inc., 178 N.J. 265, 282 (2004). Nonetheless, dismissal with prejudice is appropriate if the claim is barred by a statute of limitations or similar impediment. Printing Mart, 116 N.J. at 772. We review de novo the trial court's grant of a motion to dismiss under Rule 4:6-2(e) and "owe[] no deference to the trial court's legal

conclusions." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019).

Reconsideration is only available when "'either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). We review a trial court's decision on a motion for reconsideration under an abuse of discretion standard. Cummings, 295 N.J. Super. at 389. "Thus, a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). A court abuses its discretion "'when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, we agree with the motion judge that the Giglio Directive did not create a private cause of action for alleged violations. However, "indulgently

9

read," Green, 215 N.J. at 460, we cannot ignore the fact that despite its numerous references to Directive violations, ultimately, the complaint alleged defendants had participated in a civil conspiracy, a cognizable claim in New Jersey.

> [A] civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."
>
> [Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005) (quoting Morgan v. Union Cnty. Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993)).]

To prevail on a civil conspiracy claim, a plaintiff must "establish that defendants committed an unlawful act or a wrong against him that constitutes a tort entitling him to a recovery." G.D. v. Kenny, 205 N.J. 275, 312 (2011).

In the complaint as pled, we cannot glean what tort plaintiff alleges defendants committed against him. The complaint is vague regarding whether plaintiff was terminated from the FBPD and does not suggest other cognizable harms.[3] Therefore, dismissal was appropriate. However, as the Court instructed

---

[3] Although not clearly articulated in the complaint, plaintiff seems to allege defendants aided his wrongful discharge from the FBPD. See Ballinger v. Del. River Port Auth., 172 N.J. 586, 604-05 (2002) ("An employee who is wrongfully discharged may maintain a cause of action in contract or tort or both." (quoting Pierce v. Ortho Pharm. Corp., 84 N.J. 58, 72 (1980))).

in <u>Printing Mart</u>, a <u>Rule</u> 4:6-2(e) dismissal should generally be without prejudice, unless there is a clear legal impediment to the claim. 116 N.J. at 772. On this record, we do not discern a clear legal impediment to the claim. Rather, it appears the complaint was inartfully pleaded. Therefore, we affirm the dismissal of the complaint but remand for the judge to enter a modified order dismissing the complaint without prejudice.

Affirmed in part, reversed in part, and remanded for the entry of a modified order dismissing the complaint without prejudice. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2896-20